IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs February 5, 2019

**STATE OF TENNESSEE v. DERRICK K. GARRIN**

**Appeal from the Criminal Court for Shelby County**
**No. 92-05131, 92-05132, 92-05133, 92-05134   W. Mark Ward, Judge**

_____

**No. W2018-01186-CCA-R3-CD**
_____

The defendant, Derrick K. Garrin, appeals from the Shelby County Criminal Court's denial of his Tennessee Rule of Criminal Procedure 36.1 motion to correct an illegal sentence. Discerning no error, we affirm the judgment of the trial court.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

J. ROSS DYER, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J. and CAMILLE R. MCMULLEN, J., joined.

Derrick K. Garrin, Whiteville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Zachary T. Hinkle, Assistant Attorney General; Amy Weirich, District Attorney General; and Trayce Jones, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Facts and Procedural History*

In 1992, the defendant was convicted of two counts of felony murder and two counts of attempted second-degree murder and is currently serving an effective sentence of life imprisonment plus twenty-one years in the Tennessee Department of Correction. This Court affirmed the defendant's convictions on direct appeal. *State v. Derrick K. Garrin*, No. 02C01-9501-CR-00028, 1996 WL 275034, at *1 (Tenn. Crim. App. May 24, 1996), *no perm. app. filed*. The defendant subsequently filed a petition for post-conviction relief, but he was unsuccessful in both the trial court and on appeal. *Derrick K. Garrin v. State*, No. 02C01-9707-CR-00272, 1998 WL 518133, at *1 (Tenn. Crim. App. Aug. 21, 1998), *no perm. app. filed*. The defendant next filed a petition for writ of

error coram nobis, alleging his sentence was imposed in contravention of his right to trial by jury, but was again unsuccessful. *Derrick Garrin v. State*, No. W2014-00052-CCA-R3-ECN, 2014 WL 6491045, at *1 (Tenn. Crim. App. Nov. 20, 2014), *no perm. app. filed*.

On May 8, 2018, the defendant filed a motion to correct an illegal sentence, pursuant to Tennessee Rule of Criminal Procedure 36.1. He alleged his sentence is illegal because he was convicted of attempted second-degree murder as a lesser-included offense of attempted felony murder, and, because our Supreme Court held attempted felony murder does not exist as an offense in Tennessee, his effective twenty-one year sentence for those convictions should be vacated. The trial court denied the Rule 36.1 motion for failure to state a colorable claim, noting the defendant was not sentenced for attempted felony murder. The defendant timely appealed.

*Analysis*

Whether a motion states a colorable claim for correction of an illegal sentence under Rule 36.1 is a question of law calling for de novo review. *State v. Wooden*, 478 S.W.3d 585, 589 (Tenn. 2015) (citing *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007). Rule 36.1 provides that the petitioner "may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered." A sentence is illegal if it is not authorized by the applicable statutes or directly contravenes an applicable statute. Tenn. R. Crim. P. 36.1 (a)(2). If the motion states a colorable claim, the trial court shall appoint counsel if the petitioner is indigent and not already represented by counsel and hold a hearing on the motion, unless the parties waive the hearing. Tenn. R. Crim. P. 36.1 (b)(3). A "'colorable claim' means a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *Wooden*, 478 S.W.3d at 593. "The movant must attach to the motion a copy of each judgment order at issue and may attach other relevant documents." Tenn. R. Crim. P. 36.1 (a)(1).

"[F]ew sentencing errors render [a sentence] illegal." *Id.* at 595. Examples of illegal sentences include "sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offense." *Id.* However, "attacks on the correctness of the methodology by which a trial court imposed [a] sentence" do not rise to the level of an illegal sentence. *Id.*

Here, the defendant attacks the legality of his sentences by challenging his underlying convictions. Specifically, he argues his attempted second-degree murder convictions are invalid because they were lesser-included offenses of attempted felony murder, which our Supreme Court subsequently held was not an offense in Tennessee. Our review of the record, however, indicates the defendant's convictions are valid and the trial court properly sentenced the defendant as a standard offender. The defendant is not entitled to relief.

The defendant was convicted of two counts of attempted second-degree murder, a Class B felony, and the trial court sentenced him as a Range I, standard offender. The trial court imposed within-range sentences of nine and twelve years and ordered these sentences to be served concurrently with each other and with the life imprisonment sentence imposed by the jury for the defendant's felony murder convictions. Tenn. Code Ann. § 40-35-112(a)(2). The defendant has failed to show how his sentence violates any statute or renders him eligible for relief under Rule 36.1.

The defendant's argument that his convictions are not valid because attempted felony murder is not an offense is inappropriate for relief under Rule 36.1 as it does not raise a fatal issue in sentencing. This allegation fails to demonstrate how his sentence is illegal as it is clear the defendant is challenging his underlying convictions, rather than the legality of his sentence. Tenn. R. Crim. P. 36.1. The defendant is not entitled to relief.

### *Conclusion*

Based on the foregoing authorities and reasoning, we affirm the judgment of the trial court.

_____
J. ROSS DYER, JUDGE